IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edward Lee Dean, ) | C/A No.: 1:24-19-RBH-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER AND NOTICE |
| Ofc. Dame, Sgt. Smith, Lt. Hall, ) | |
| and Lt. Zapola, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Edward Lee Dean ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C. § 1983 against Officer Dame ("Ofc. Dame"), Sergeant Smith ("Sgt. Smith"), Lieutenant Hall ("Lt. Hall"), and Lieutenant Zapola ("Lt. Zapola") (collectively "Defendants"). This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.).

I.  Factual and Procedural Background

Plaintiff is a state prisoner incarcerated at Perry Correctional Institution ("PCI"). [ECF No. 1 at 2]. Defendants are correctional officers who were employed at PCI at the time of the incident giving rise to this action. *Id.* at 5–6.

Plaintiff alleges that on September 28, 2023, Ofc. Dame caused him to sustain a head injury "by not paying attention to the [cell door]" or by "striking

him with . . . [the] door." *Id.* at 5, 6–7. He maintains Lt. Hall "deliberately ignor[ed] her duty as the dorm/unit l[ieutenant]" after Ofc. Dame notified her that he had struck Plaintiff in the head with the cell door. *Id.* He asserts Sgt. Smith and Lt. Zapola deprived him of safety and security by failing to treat the injury as an emergency and by allowing five hours to elapse before having him examined by the medical department for the head injury. *Id.* He claims that upon responding, Lt. Zapola shined a flashlight in his face and declared he did not have a concussion, implying to Sgt. Smith that he did not require immediate treatment and resulting in several hours' delay before he was examined by the medical department. *Id.*

Plaintiff requests the court award him $1,000,000 in compensatory damages and $1,000,000 in punitive damages. [ECF No. 1 at 7].

II.   Discussion

  A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis

either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp.*

3

*v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.  Analysis

1.  Insufficient Facts to Support § 1983 Claim

To state a plausible claim for relief under 42 U.S.C. § 1983,[1] an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014).

Although Plaintiff alleges Defendants violated his Eighth and Fourteenth Amendment rights by inflicting harm/assaulting him and denying him medical treatment, due process, and equal protection under the law [ECF No. 1 at 4], he has failed to plead sufficient facts to support a § 1983 claim.

---

[1] Plaintiff's complaint is before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

Plaintiff suggests Ofc. Dame accidentally or negligently struck his head with the cell door. *See* ECF No. 1 at 5, 6. Mere negligence is not actionable under § 1983. *See Estelle v. Gamble*, 429 U.S. 97 (1976). Plaintiff claims Lt. Hall took no action to address his injury, Lt. Zapola dissuaded Sgt. Smith from seeking immediate attention for him by declaring he had not sustained a concussion, and Lt. Zapola and Sgt. Smith delayed his medical examination by five hours. *Id.* at 5, 6–7. He does not allege he sustained a concussion as a result of being struck by the cell door or that the delay in treatment caused him any particular harm. *See id.* "Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail." *Allen v. Darlington County Detention Center*, C/A No. 1:18-1588-BHH-SVH, 2019 WL 458472, at *2 (D.S.C. Jan. 9, 2019), *report and recommendation adopted by* 2019 WL 451124 (Feb. 5, 2019) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Sosebee v. Murphy*, 797 F.2d 179, 182–83 (4th Cir. 1986)).

Plaintiff's complaint does not contain sufficient factual allegations to support a finding that Defendants' actions violated his constitutional rights. Therefore, the case is subject to summary dismissal.

    2.    Exhaustion of Administrative Remedies

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides "[n]o action shall be brought with respect to prison conditions under section

5

1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review. *See Booth v. Churner*, 532 U.S. 731 (2001).

In the complaint, Plaintiff indicated: (1) he filed a grievance concerning the facts related to the complaint that was denied; (2) Warden Early made the grievance system unavailable to him; and (3) he was retaliated against for filing a grievance and denied access to the grievance process/courts. [ECF No. 1 at 8–10]. However, Plaintiff subsequently filed a motion to hold the case proceedings in abeyance pending exhaustion of "state remedies." [ECF No. 6].

Plaintiff provided contradictory representations in the complaint and the motion. The motion, which was filed later in time, suggests administrative remedies were available to Plaintiff, his grievance remained pending as of January 3, 2024—the date he deposited the motion in the prison's mailroom, and he has not exhausted administrative remedies. *See id.* Absent evidence to the contrary, the undersigned intends to credit Plaintiff's more recent

6

representation in the motion as an acknowledgement that he has failed to exhaust his administrative remedies.

Therefore, it appears Plaintiff's § 1983 claim is subject to summary dismissal given the PLRA's exhaustion requirement and his indication that he has failed to exhaust all available administrative remedies.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **January 31, 2024**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims specified above be dismissed without leave for further amendment.

IT IS SO ORDERED.

January 10, 2024  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge